UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tomas Lorenzo Perez,

        Petitioner,

   v.

B.R. Jett,

        Respondent.

**ORDER ADOPTING REPORT
AND RECOMMENDATION**
Civil No. 13-2217 ADM/JSM

---

Tomas Lorenzo Perez, pro se.

D. Gerald Wilhelm, Assistant United States Attorney, Minneapolis, MN, on behalf of Respondent B.R. Jett.

---

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Petitioner Tomas Lorenzo Perez's Objection [Docket No. 17] to Magistrate Judge Janie S. Mayeron's November 21, 2014 Report and Recommendation [Docket No. 15] ("R&R"). In the R&R, Judge Mayeron recommends denying Petitioner's petition for a writ of habeas corpus and dismissing this case with prejudice. After a de novo review of the record, and for the reasons stated below, the Court overrules Petitioner's Objection, modifies the R&R as to the basis for dismissal, and dismisses the Petition without prejudice based on lack of subject matter jurisdiction.

## II. BACKGROUND

The complete background of this case is throughly detailed in the R&R and is incorporated by reference. Briefly, Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. Kelly Decl. [Docket No. 4] ¶ 3. In January 1999, he was sentenced in the

United States District Court for the District of Puerto Rico following his conviction on two counts of conspiracy to commit hostage taking (Counts 1 and 2) in violation of 18 U.S.C. § 1203(a)-(b), and two counts of aiding and abetting the use of a firearm the commission of a crime of violence (Counts 3 and 5) in violation of 18 U.S.C. §§ 2, 924(c)(1). See Kelly Decl., Attach. B (Judgment). Federal law provides that a sentence for a violation under 18 U.S.C. § 924(c) must not run concurrently with any other term of imprisonment.[1]

Petitioner was sentenced to 135 months as to each of Counts 1 and 2, to be served concurrently with each other, as well as 60 months as to Count 3 and 360 months as to Count 5, to be served consecutively to Counts 1 and 2. Id. The BOP calculated Petitioner's total sentence to be 555 months, which was computed by adding the 135 month term for Counts 1 and 2 to the 420 month term that was to run consecutively for Counts 3 and 5. See id., Attach. C (Sentence Monitoring Computation Data).

On September 1, 2001, the First Circuit vacated the imposition of consecutive terms of imprisonment for the § 924(c) violations under Counts 3 and 5, and ordered that the imprisonment terms on those counts shall run concurrently. Id., Attach. E (Relevant Portions of Opinion of First Circuit) at 38. The First Circuit stated in pertinent part:

> Congress enacted subsection 924(c) principally as a sentencing-enhancement mechanism for application to persons convicted of underlying crimes of violence committed through the use of firearms. Nevertheless, the imposition of consecutive sentences under subsection 924(c) for using multiple weapons during a single crime of violence would impinge upon fundamental "double jeopardy"

---

[1] Subsection 924(c) states in relevant part: "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

> principles.
>
> Accordingly, we hold that the consecutive sentences imposed upon [Petitioner] for the two firearms convictions, involving but one hostage-taking, are to run concurrently.
>
> * * *
>
> <u>The imposition of consecutive terms of imprisonment upon [Petitioner] under Counts 3 and 5 is hereby vacated, and the prison terms on these counts shall run concurrently. In all other respects, the district court judgment is affirmed</u>.

Id. at 30, 38 (internal citation omitted) (emphases in original).

On January 22, 2001, the District Court of Puerto Rico amended Petitioner's sentence as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of one hundred and thirty-five (135) months as to each of counts one and two, to be served concurrently with each other, as well as an imprisonment term of sixty (60) months as to count three, and of three hundred and sixty (360) months as to count five, said terms to be served *concurrently* to counts one and two as required by law.

Kelly Decl. Attach. F (First Amended Judgment).

Using the First Amended Judgment, the BOP calculated Petitioner's sentence to be a 420 month term of imprisonment, with Counts 3 and 5 running consecutively to each other and concurrently with Counts 1 and 2. Id., Attach. G (Updated Sentence Computation). In March 2013, Petitioner filed an Administrative Remedy Appeal with the central office of the United States Bureau of Prisons ("BOP") challenging the BOP's computation of his sentence. See Petition [Docket No. 1] Attachs. 3B, 3C. Petitioner argued the imprisonment terms on all counts were to run concurrently for a total imprisonment term of 360 months. The BOP responded by requesting clarification from the District Court of Puerto Rico as to the total term intended by the

3

First Amended Judgment. See id., Attach. 3C; Kelly Decl., Attach. J. On May 16, 2013, the District Court of Puerto Rico ordered the United States Probation Office and the United States Attorney's Office to respond to the BOP's letter. See Kelley Decl., Attach. D (Docket for Puerto Rico Case No. 97-cr-100190) at Puerto Rico Docket No. 388. Petitioner was also invited to respond to the BOP's letter but did not do so. See Puerto Rico Case No. 97-cr-00190, Mem. and Order, Nov. 5, 2014 [Puerto Rico Docket No. 405] ("Memorandum and Order") at 1.

On August 15, 2013, while the BOP's request for clarification was pending in the District Court of Puerto Rico, Petitioner filed the instant Petition in this Court. The Petition seeks a ruling that Petitioner's "future custody under a Federal-agency decision would violate the Constitution, Laws, and Treaties of the United States." Petition at 1. Petitioner contends that the Government did not appeal the Amended Judgment, and that the BOP's determination that the 60 month imprisonment term in Count 3 must be served consecutively to the other terms is unconstitutional, because it allows the executive branch of the United States to "sit as a court of errors" over the District Court of Puerto Rico. Id. at 3. The Petition also seeks redress for the "Court-staff's complicity with forbidden and unilateral ex-parte approaches to the judicial branch." Id. at 3.

On November 5, 2014, the District Court of Puerto Rico entered a Second Amended Judgment amending the Petitioner's sentence based on a clerical mistake in the First Amended Judgment. See Memorandum and Order at 5; Second Amended Judgment [Puerto Rico Docket No. 406]. The District Court of Puerto Rico explained that when it entered the first Amended Judgment, it:

> needed only to amend the judgment consistent with the First Circuit's mandate. The mandate, as said, directed [the District Court of Puerto

> Rico] to amend its judgment so that Counts 3 and 5 "run concurrently" as to each other. . . . But it left untouched the rest of [Petitioner's] sentence. . . . So the judgment needed to state that Counts 3 and 5 must run concurrently with each other, but that they must be served consecutively to Counts 1 and 2. But because of a clerical mistake when rephrasing the judgment, the word "consecutively" was substituted for "concurrently," without more. Rule 36 [of the Federal Rules of Criminal Procedure] therefore provides the appropriate mechanism to correct such a clerical oversight.

Memorandum and Order at 5.

The Second Amended Judgment with the corrected language imposes the following sentence:

> Imprisonment term of 135 months as to each of Counts (1) and (2), to be served CONCURRENTLY with each other, as well as an imprisonment term of 60 months as to Count (3), to run CONCURRENTLY with an imprisonment term of 360 months as to Count (5), BUT to be served CONSECUTIVELY to the terms imposed in Counts (1) and (2), for a total of 495 MONTHS.

Second Amended Judgment (emphasis in original).

On November 12, 2014, Petitioner appealed the Second Amended Judgment to the First Circuit Court of Appeals. See Notice of Appeal [Puerto Rico Docket No. 407]; First Circuit Court of Appeals Case No. 14-2309. Petitioner has not paid the $505 filing fee, nor has he filed a request seeking IFP status. See First Circuit Court of Appeals Case No. 14-2309 at Docket Entry dated 12/29/2014 (Order of Default and Intent to Dismiss).

On November 21, 2014, Judge Mayeron issued the R&R finding the BOP had correctly calculated Petitioner's sentence and recommending that the Petition be dismissed with prejudice. Petitioner objects to the R&R, arguing it fails to address his argument that the Government waived its right to appeal the First Amended Judgment. Objection ¶ 4. Petitioner also contends

that the R&R "operates on the obviously false belief that, in this Federal Government, the Judicial Council has actually delegated to the Executive Branch the authority to submit the Judicial Officers of the United States to explain their Behaviour or the legality of their performance of duties." Id.

### III.  DISCUSSION

In reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. L.R. 72.2(b).  A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.

A federal court has duty to consider sua sponte whether it has subject matter jurisdiction where the court believes subject matter jurisdiction may be lacking.  Hart v. United States, 630 F.3d 1085, 1089 (8th Cir. 2011).  Here, the Court determines that although it may have had jurisdiction over the Petition at time it was filed, the Court ceased to retain jurisdiction after the Second Amended Judgment had been entered by the District Court of Puerto Rico.

At its core, the Petition challenges the BOP's computation of Petitioner's sentence under the First Amended Judgment, which was "admittedly-still-unclarified by the [Puerto Rico] District Court" at the time the Petition was filed.  Petition ¶ 4.  A prisoner may attack the execution of his sentence by filing a petition under 28 U.S.C. § 2241 in the district where the prisoner is incarcerated, whereas an attack on the validity of the sentence must be brought under 28 U.S.C. § 2255 in the district where the prisoner was sentenced.  Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002).  Because Petitioner was attacking the execution (rather than the

validity) of his sentence, the Court arguably had jurisdiction over the Petition at the time it was filed. But see Alevras v. Snyder, No. 99-2467, 1999 WL 1059831, at *1 (8th Cir. Nov. 16, 1999) (stating that where the merits of a petitioner's claim requires interpreting the sentencing court's order, the "task [is] best left to the sentencing court," and the matter must be raised through a motion under 28 U.S.C. § 2255 in the district that imposed the sentence).

However, after the District Court of Puerto Rico corrected the First Amended Judgment and entered the Second Amended Judgment, the BOP's computation of the First Amended Judgment was no longer an actual, ongoing controversy. At that time, the Petition became moot and this Court no longer retained jurisdiction over the matter. See Lewis v. Cont'l Bank Corp., 494 U.S. 472, 477 (1990) ("Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies.").

Although Petitioner may attack the validity of the Second Amended Judgment, a habeas challenge to the validity of his corrected sentence must be brought pursuant to § 2255 in the district of the sentencing court. Matheny, 307 F.3d at 711; see also DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1987) ("A district court lacks jurisdiction over issues concerning the imposition of a sentence by another district court 'unless it . . . appears that the remedy by motion [to the sentencing court] is inadequate or ineffective to test the legality of [an inmate's] . . . detention.'"(quoting 28 U.S.C. § 2255) (alterations in original)).

Accordingly, no findings will be made as to whether the BOP's calculation of Petitioner's sentence under the First Amended Judgment was correct. Rather, the Petition is dismissed for lack of subject matter jurisdiction. The Petition is dismissed without prejudice to filing a petition under 28 U.S.C. § 2255 in the district that imposed Petitioner's sentence, the

District of Puerto Rico.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner Tomas Lorenzo Perez's Objection [Docket No. 17] to Magistrate Judge Janie S. Mayeron's November 21, 2014 Report and Recommendation [Docket No. 15] is **OVERRULED**;

2. The Report and Recommendation [Docket No. 15] is **MODIFIED** as stated herein;

3. Petitioner's petition for a writ of habeas corpus [Docket No. 1] is **DENIED**; and

4. This action is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery      
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  February 6, 2015.